FILED

JAN 07 2025

Clerk of the Appellate Courts
REc'd By_____

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 2, 2025 Session

## CRAIG WILLIAM JOEL v. CHATTANOOGA FIRE AND POLICE PENSION FUND

Appeal from the Chancery Court for Hamilton County
No. 19-0283   Jeffrey M. Atherton, Chancellor

No. E2024-00681-COA-R3-CV

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Christopher A. Crevasse, James T. Williams, Robert F. Parsley, and Jessica M. Wolinsky, Chattanooga, Tennessee, for the appellant, Chattanooga Fire and Police Pension Fund.

William R. Hannah, Chattanooga, Tennessee, for the appellee, Craig William Joel.

## MEMORANDUM OPINION[1]

The appellant, Chattanooga Fire and Police Pension Fund ("Appellant"), filed a notice of appeal with this Court in May 2024, which states that Appellant is appealing the April 10, 2024 order of the Hamilton County Chancery Court ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3. In the initial petition,

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the appellee, Craig William Joel ("Appellee"), requested an award of attorney's fees and prejudgment interest. However, the Trial Court's April 10, 2024 order, from which Appellant seeks to appeal, does not address attorney's fees or prejudgment interest, leaving issues pending before the Trial Court.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on October 23, 2024, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Instead of obtaining a final judgment from the Trial Court resolving the remaining issues, Appellant filed a response with this Court in which Appellant concedes that the Trial Court's April 10, 2024 order did not expressly address Appellee's claims for attorney's fees and prejudgment interest; however, Appellant argues that the Trial Court's order was indeed final due to abandonment of the claims by Appellee. Appellant stated that trial courts often deny requests for relief by implication and that an order not expressly addressing claims for relief may be rendered final by waiver or abandonment of the unadjudicated claims. Appellant acknowledges that Appellee pled in his petition claims for attorney's fees and prejudgment interest but argues that Appellee did not repeat those requests in subsequent briefs filed with the Trial Court, during oral argument before the Trial Court, or in a post-judgment motion. By these actions, Appellant argues that Appellee had waived or abandoned his claims for attorney's fees and prejudgment interest. Appellant, therefore, requests this Court determine that the Trial Court's judgment is a final judgment resolving all claims below due to Appellant's abandonment of the claims. Alternatively, Appellant requests that this Court suspend the requirement of finality.

Thereafter, this Court ordered Appellee to file a reply to Appellant's response to the show cause order. In his reply, Appellee argued that there was no final judgment and that he had not abandoned or waived his claims for attorney's fees or prejudgment interest. According to Appellee, he properly pled his request for attorney's fees and prejudgment interest in his petition, continued advocating for a ruling reversing Appellant's denial of his benefits, and asserted that Appellee had continued to suffer damages due to the delay of his benefits. Although arguing the Trial Court's order is not final, Appellee requests this Court proceed with this appeal on the current issues, with the issue of the pending request for attorney's fees and prejudgment interest to be determined in a later proceeding. Alternatively, Appellee avers this Court should dismiss this appeal and remand to the Trial Court for a determination of all remaining issues.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559

(Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Moreover, it is well-settled that a pending claim for attorney's fees prevents a final judgment. *See e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.* No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Grand Valley Lakes Property Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *3 (Tenn. Ct. App. April 13, 2009) (stating "the circuit court did not resolve Grand Valley's request for attorney's fees . . . . As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order.").

As to waiver and abandonment, the party invoking such claim has the burden of demonstrating that the claims were actually waived or abandoned. *Save Our Fairgrounds v. Metro. Gov't of Nashville*, No. M2019-00724-COA-R3-CV, 2019 WL 3231381, at *5 (Tenn. Ct. App. July 18, 2019) (citing *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009)). We note that generally the issues of attorney's fees and prejudgment interest only become ripe for review when or after a trial court makes its ruling on the merits of the case. In this case, the Trial Court made its decision on the merits via its April 10, 2024 order, and there is no indication that the Trial Court treated Appellee's claims for attorney's fees and prejudgment interest as waived or abandoned by Appellee. Additionally, this Court has held that it is not required for a litigant to raise the question of finality in a post-judgment motion. *See Save Our Fairgrounds*, 2019 WL 3231381, at *6 ("Indeed, such a rule would clearly conflict with the well-settled proposition that subject matter jurisdiction, including this Court's jurisdiction over final judgments, cannot be waived by the parties."). We hold that there is insufficient evidence to demonstrate that Appellee had waived or abandoned his claims for attorney's fees and prejudgment interest.

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. This Court declines to suspend the requirement of finality pursuant to Tenn. R. App. P. 2. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Chattanooga Fire and Police Pension Fund, for which execution may issue.

**PER CURIAM**

- 3 -